NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LESLIE GILBERT, Individually and As Successor in Interest to Scott Thomas Gilbert; GREG GILBERT, <br><br>        Plaintiffs-Appellees, <br><br>  v. <br><br> TRIESTE S. TURNER, R.N., <br><br>        Defendant-Appellant, <br><br>  and <br><br> COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFFS DEPARTMENT; LOS ANGELES DEPARTMENT OF MENTAL HEALTH; TIMOTHY BELAVICH, <br><br>        Defendants. | No.   22-56217 <br><br> D.C. No. <br> 2:19-cv-08599-MWF-RAO <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted March 28, 2024
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Trieste Turner, a nurse at a Los Angeles County jail, appeals the district court's denial of qualified immunity in this lawsuit brought under 42 U.S.C. § 1983. The plaintiffs, the parents of Scott Gilbert, allege that Turner was deliberately indifferent to the medical needs of their son, in violation of the Fourteenth Amendment, when Turner conducted a mental health "release evaluation" on Gilbert and determined he did not meet the criteria for a 72-hour involuntary psychiatric detention or other medical treatment. Tragically, less than 24 hours after being released from custody, Gilbert committed suicide.

The district court denied Turner's summary judgment motion, concluding that the alleged constitutional violation was clearly established for purposes of qualified immunity, and that there were genuine disputes of material fact as to whether Turner was deliberately indifferent to Gilbert's medical needs. Turner appeals. We have jurisdiction under the collateral order doctrine from the appeal of an order denying qualified immunity. *See Smith v. Agdeppa*, 81 F.4th 994, 1000 (9th Cir. 2023). Our review is limited to the "purely legal contention that [the defendant's] conduct did not violate the Constitution and, in any event, did not violate clearly established law." *Id.* (quotations omitted). Reviewing de novo, *see Tobias v. Arteaga*, 996 F.3d 571, 579 (9th Cir. 2021), we affirm the denial of qualified immunity, although with some clarifications about the permissible scope of the plaintiffs' claims.

Public employees "are entitled to qualified immunity under § 1983 unless (1)

they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018) (internal quotation marks omitted). The alleged constitutional violation here arises under the Fourteenth Amendment. "[W]e have concluded that the 'deliberate indifference' standard applies to claims that correction facility officials failed to address the medical needs of pretrial detainees." *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010) (internal citations omitted), *overruled on other grounds*, *Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc). Under this standard, it is "well settled that prison officials violate the Constitution when they choose a course of treatment that is medically unacceptable under all of the circumstances." *Gordon v. Cty. of Orange*, 6 F.4th 961, 970 (9th Cir. 2021) (quotations omitted).

Turner does not argue that, even construing the facts in the plaintiffs' favor, no clearly established law required her to conclude that Gilbert needed immediate psychiatric treatment. Instead, Turner's sole argument for qualified immunity is that she owed Gilbert no Fourteenth Amendment duty of care at all because she encountered Gilbert while he was in the process of being evaluated for release from custody, with Gilbert's ultimate injury occurring after he had left custody.

Turner's theory is unavailing. It is clearly established that the Fourteenth Amendment prohibits prison officials from displaying "deliberate indifference" to

3

the serious medical needs of detainees in custody. *Castro*, 833 F.3d at 1068. If a prison official is aware of a present "substantial risk to [an inmate's] health," including a psychiatric risk, she may not simply "decline[] to act upon this knowledge." *Gibson v. Cty. of Washoe, Nev.*, 290 F.3d 1175, 1194 (9th Cir. 2002), *overruled on other grounds by Castro*, 833 F.3d at 1071. At the time Turner evaluated Gilbert, he was still in custody. Indeed, the point of Turner's evaluation was to determine whether Gilbert was medically fit for release. That Gilbert died later, once he left custody, raises causation issues that plaintiffs will need to overcome. But no authority indicates that Turner for that reason lacked any duty to not provide unacceptable medical care to Gilbert while he was still detained.

Here, plaintiffs assert that Gilbert was experiencing an ongoing psychiatric emergency while in custody, including during Nurse Turner's release evaluation. Given the dispute of fact over Turner's deliberate indifference, Turner is not entitled to qualified immunity as to plaintiffs' allegation that Turner exhibited deliberate indifference by not appropriately addressing Gilbert's serious psychiatric needs with the immediate medical treatment that a reasonable official would have provided.

However, to the extent plaintiffs' case relies on Turner's acts or omissions related to discharge planning, plaintiffs have not cited any factually analogous cases showing clearly established law. As the Supreme Court has explained, "[t]he affirmative duty to protect arises not from the State's knowledge of the individual's

4

predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989). Thus, insofar as plaintiffs challenge Turner's not contacting Gilbert's mother, not arranging for Gilbert's transportation upon release, releasing Gilbert when he did not have any money or a cell phone, or similar shortcomings, Turner would be entitled to qualified immunity. Plaintiffs point to *Wakefield v. Thompson*, 177 F.3d 1160 (9th Cir. 1999), but that case holds only "that the state must provide an outgoing prisoner who is receiving and continues to require medication with a supply sufficient to ensure that he has that medication available during the period of time reasonably necessary to permit him to consult a doctor and obtain a new supply." *Id.* at 1164. *Wakefield* does not clearly establish any additional duties beyond this.

Thus, plaintiffs may proceed on their theory that Turner was deliberately indifferent to Gilbert's medical needs while he was in custody because he was in the midst of an ongoing psychiatric episode that, without immediate medical care, created a present and substantial risk of serious harm. *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). But to the extent they raise them, plaintiffs may not proceed with any broader theories relating to adequate discharge planning following release from custody.

**AFFIRMED.**

5